Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6916 | **DATE** | 4/25/2001 |
| **CASE TITLE** | WILLETTA W. BRANDON vs. EQUIFAX RISK MANAGEMENT | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Willetta W. Brandon's motion for class certification [16-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | APR 3 0 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/25/2001 date mailed notice | |
| SB | courtroom deputy's initials | | JAD mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLETTA A. BRANDON, | ) |
| Plaintiff, | ) No. 00 C 6916 |
| v. | ) Suzanne B. Conlon, Judge |
| EQUIFAX RISK MANAGEMENT, | ) |
| Defendant. | ) |

DOCKETED
APR 3 0 2001

## MEMORANDUM OPINION AND ORDER

Willetta W. Brandon ("Brandon"), on behalf of herself and all others similarly situated, sues Equifax Risk Management Services ("Equifax") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e. Specifically, Brandon contends Equifax sent out debt collection letters and misleadingly suggested the letters were from the United States Department of Education. Brandon moves for class certification, pursuant to Fed.R.Civ.P. 23.

## BACKGROUND

### I. Allegations in the complaint

Brandon alleges Equifax violated the FDCPA because the act prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of a debt." 15 U.S.C. § 1692e. Brandon further alleges that Equifax violated two of the Act's specific provisions, namely subsection (1) which prohibits "the false representation of or implication that the debt collector is vouched for, bonded by, or affiliated with the United States . . ." and subsection (9) which prohibits "the use or distribution of any written communication which simulates or is falsely

represented to be a document authorized, issued, or approved by any ... agency of the United States ... or which creates a false impression as to its source, authorization, or approval." *Id.*

## II. Class definition

Brandon seeks to certify a class consisting of persons to whom Equifax sent a debt collection letter on a student loan debt. Brandon excludes from the proposed class those individuals who were sent a letter that was returned as undelivered.

## DISCUSSION

### I. Class certification standard

Courts have broad discretion in determining whether class certification is appropriate. *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998). In assessing the certification motion, the court does not consider the merits of the case. *Dbamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 525 (N.D. Ill. 1998). However, "the boundary between a class determination and the merits may not always be easily discernible." *Retired Chicago Police Association v. City of Chicago*, 7 F.3d 584, 599 (7th Cir. 1993 (internal citations omitted). The importance of class certification is heightened when small amounts of money are involved and the difficult financial situations of many of the litigants may inhibit individualized litigation. *See Williams v. Chartwell Financial Services, Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000).

In order to establish that class certification is justified, a plaintiff must satisfy the four requirements of Fed.R.Civ.P. 23(a). These requirements include: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will

2

fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). In addition, the plaintiff must meet one of the requirements of Fed.R.Civ.P. 23(b). As applied to this case, Rule 23(b) requires that common questions of law and fact predominate over questions involving individual members and that a class action is superior to other forms of adjudication. Fed.R.Civ.P. 23(b)(3).

## II. Analysis

### A. Numerosity

Joinder is usually impracticable when the proposed class numbers at least 40. *Scholes v. Stone, McGuire & Benjamin,* 143 F.R.D. 181, 184 (N.D. Ill. 1992). Brandon contends numerosity can be "inferred" from Equifax's use of a form letter. Brandon further contends "on information and belief," Equifax's debt collection letters were sent to hundreds and possibly thousands of consumers.

Brandon is not required to specify an exact number of class members to satisfy the numerosity requirement. *Towers v. City of Chicago,* 979 F.Supp. 708, 724 (N.D. Ill. 1997). However, Brandon cannot merely rely on speculation as to the size of the class. *Id.* "Mere conclusory allegations of numerosity and speculation as to class size. . . are not enough to satisfy the rule." *Gray-Mapp v. Sherman,* 100 F.Supp.2d 810 (N.D. Ill. 1999) (citing *Marcial v. Coronet Ins. Co.,* 880 F.2d 954, 957 (7th Cir. 1989)). Impracticability of joinder must be positively shown. *Gomez v. Cumerford,* 883 F.Supp. 702, 706 (N.D. Ill. 1993).

Brandon has relied solely on speculation in estimating the size of the proposed class. She has not included support for these figures in either her class certification motion or memorandum. In fact, she has failed to conduct any discovery. Brandon cites *Keele v. Wexler*, No. 95 C 3483, 1996 WL 124452, at *3 (N.D. Ill. March 19, 1996) to stand for the proposition that numerosity can be inferred from a defendant's use of a form letter. This interpretation is not entirely accurate. The plaintiff in

3

*Keele*, presented defendants' records as evidence that over 5,000 persons received a form letter from defendants. *Id.* Defendants argued that numerosity could not be established because the plaintiff did not present evidence showing how many persons received the particular form letter at issue. The court disagreed and found numerosity could be inferred based on the evidence of 5,000 letters sent by defendants. *Id.* In contrast, Brandon has failed to present evidence showing how many form letters were sent out by Equifax. Accordingly, the impracticability of joinder has not been established and class certification must be denied.[1]

## CONCLUSION

Brandon's motion for class certification is denied.

ENTER:

Suzanne B. Conlon
United States District Judge

April 25, 2001

---

[1] The issues pertaining to the requirements of commonality, typicality, adequate representation and Rule 23(b) are moot.

4